UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

ALLEN J. WALTANEN,

        Petitioner,

v.                                       Case No. 2:09-CV-99

VALERIE MARTIN,                          HON. GORDON J. QUIST
Chief United States Probation Officer,

        Respondent.
_____/

## OPINION

Petitioner, Allen J. Waltanen, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 against Valerie Martin, the Chief United States Probation Officer for the Western District of Michigan, seeking relief from certain Bureau of Prisons ("BOP") disciplinary findings. Waltanen alleges that these disciplinary findings led to the revocation of his good-time credits and the denial of his motion for sentence modification pursuant to 18 U.S.C. § 3582(c)(2). The Court will dismiss Petitioner's petition as moot.

On October 10, 2008, Petitioner was released from custody and began serving his three-year term of supervised release. Petitioner filed the instant petition on April 24, 2009, while his appeal of Judge Robert Holmes Bell's denial of Petitioner's petition for sentence reduction pursuant to 18 U.S.C. § 3582(c) motion was still pending before the Sixth Circuit. For relief, Petitioner requested that certain misconduct findings be expunged from his record and that the good-time credits be restored so that his post-sentencing conduct could not be considered in his appeal.

On December 16, 2009, the Sixth Circuit dismissed Petitioner's appeal as moot. *United States v. Waltanen*, 356 F. App'x 848 (6th Cir. 2009). The court of appeals explained that because Petitioner had served the full custodial portion of his sentence, that portion of his sentence could not be reduced. *Id.* at 850-51. The court further held that it could not consider any modification with regard to Petitioner's term of supervised release because Petitioner never asked the district court to modify that portion of his sentence and it would have been premature for the court of appeals to consider such a reduction because Petitioner had not served the minimum one year of supervised release required by § 3583(e)(1) before early termination of supervised release may be considered. *Id.* at 852.

On March 10, 2011, Judge Bell entered an order discharging Petitioner from supervised release and terminating the criminal case.

A federal court lacks authority to render decisions on moot questions or make rulings that cannot affect the case before it. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12, 113 S. Ct. 447, 449 (1992). "'If a prisoner does not challenge the validity of the conviction but rather only challenges his sentence or some aspect of it, the request for relief is moot once the challenged portion of the sentence has expired.'" *United States v. Goldberg*, 239 F. App'x 993, 994 (6th Cir. 2007) (quoting *United States v. Manogg*, No. 92-4361, 1993 WL 988217, at *1 (6th Cir. Mar. 26, 1993)). As noted above, the Sixth Circuit held that Petitioner's appeal of the denial of his § 3582(c)(2) motion for reduction of his sentence was moot because Petitioner served the entire portion of his custodial sentence. Subsequent to that decision, Petitioner has been discharged from his term of supervised release and the criminal case has been closed.

Although Petitioner does not directly challenge his sentence in his petition, Petitioner seeks relief from the BOP's disciplinary findings in connection with his appeal of his motion for reduction

of his sentence.  Because Petitioner has now served his full sentence, he can no longer obtain a reduction of any portion of his sentence and the relief he seeks in this case is moot.  *Cf. United States v. Maken*, 510 F.3d 654, 656 n.3 (6th Cir. 2007) (holding that the defendant's appeal was not moot, even though the defendant had been released from prison, where the appeal potentially implicated the length of the defendant's supervised release term).  Thus, the petition must be dismissed.

An Order consistent with this Opinion will be entered.


Dated:  April 26, 2011                                      _____/s/ Gordon J. Quist_____
                                                                           GORDON J. QUIST
                                                                           UNITED STATES DISTRICT JUDGE